"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. ISRAEL,<br><br>    Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 05-4451 AN<br><br>MEMORANDUM AND ORDER |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his claim for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

The parties are familiar with the background facts and evidence in the record. Accordingly, only the facts and evidence that are helpful to understanding and explaining the Court's decision will be discussed below.

Page 1

In the JS, Plaintiff contends the Administrative Law Judge ("ALJ") erred by failing to find that Plaintiff's anxiety disorder is severe. The Commissioner disagrees. After reviewing the parties' respective contentions and the record as a whole, the Court finds Plaintiff's argument lacks merit and is rejected for the reasons expressed by the Commissioner in her portions of the JS and the following reasons.

At step two of the sequential analysis, the ALJ found that Plaintiff suffers from "severe" impairments of arthritis of the lumbar and cervical spine and a history of alcohol abuse. [Administrative Record ("AR") at 21.] The ALJ found that Plaintiff's anxiety disorder, on the hand, was not severe, as it caused no more than mild difficulty in maintaining social functioning, concentration, persistence or pace. [AR at 23.] The ALJ's step two finding is supported by substantial evidence. Neither treatment notes nor any other evidence in the record suggest that Plaintiff had any functional limitations due to a mental impairment. *See* 20 C.F.R. § 404.1520(c)(an impairment is severe only if it significantly limits an individual's abilities to perform basic work activities); *see also Corrao v. Shalala*, 20 F.3d 943, 949 (9th Cir. 1994)(an impairment should be found to be "non-severe" when the evidence establishes merely a slight abnormality, with no more than minimal effect on ability to work). In an effort to show that his mental impairment was severe, Plaintiff cites medical records which indicate that Plaintiff has been suffering from anxiety and taking anti-anxiety medication since at least 1998. [JS at 13-14.] Plaintiff's reliance on these records is misplaced, as the record makes clear that Plaintiff was able to continue working until January 28, 2000, despite his diagnosis of anxiety and need for prescription medication. [AR at 42.] Other medical evidence in the record also supports the ALJ's determination that Plaintiff's mental impairment was not severe. In March 2002, psychiatrist Nora Paculdo, M.D. conducted a complete psychiatric evaluation of Plaintiff. [AR at 259-61.] Dr. Paculdo diagnosed Plaintiff with depression, NOS and alcohol abuse, but found no significant functional limitations. [AR at 22, 261.] Specifically, Dr. Paculdo found that Plaintiff was able to sustain focus and attention, complete simple and complex instructions, and adapt to stresses common to a work

1  environment. [AR at 261.] Dr. Paculdo assessed Plaintiff's Global Assessment of
2  Functioning ("GAF") score of 70, indicating mild symptoms or some difficulty with
3  social and occupational functioning. *See* American Psychiatric Association, Diagnostic
4  & Statistical Manual of Mental Disorders 32 (4th ed. rev. 2000). In May 2003,
5  psychiatrist Nathan Lavid, M.D. conducted a complete psychiatric evaluation of Plaintiff.
6  [AR at 357-61.] Dr. Lavid reported that Plaintiff's test results revealed no evidence of
7  cognitive deficits, perceptual disturbances or delusional disorders. [AR at 360.] He
8  found that Plaintiff was able to focus attention, follow one and two part instructions,
9  remember and complete simple tasks, tolerate the stress inherent in the work
10 environment, maintain regular attendance, and work without supervision. [AR at 360.]

11      Plaintiff next argues that the ALJ should have developed the record further
12 concerning his mental impairment. [JS at 14.] Plaintiff, however, has failed to point to
13 a single medical record that would have substantiated the severity of his mental
14 impairment that was not considered by the ALJ. While an ALJ does have a duty to fully
15 develop the record, *DeLorme v. Sullivan*, 924 F.2d 841, 849 (9th Cir. 1991), this duty is
16 only triggered when the record presents ambiguous or inadequate evidence to allow the
17 ALJ to reach a decision. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). As
18 discussed above, the record in this case provides sufficient evidence to support the ALJ's
19 finding that Plaintiff's mental impairment was not severe in light of the opinions of Drs.
20 Paculdo and Lavid. Thus, the ALJ did not err in failing to develop the record further.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## III. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: April 24, 2006

/s/ Arthur Nakazato
ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE